IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-02296-WDM

KATHY A. ROWLISON,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner, Social Security Administration

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

This is an appeal of the decision of defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration (Commissioner), denying plaintiff, Kathy A. Rowlison's (Rowlison) application for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383c.  Rowlison's applications, protectively filed on November 17, 2003, (Transcript [Tr.] at 39-43, 220-225), were initially denied on June 15, 2004.  *Id.* at 31-34.  Rowlison timely filed a request for hearing.  *Id.* at 35.  A hearing was held before Administrative Law Judge ("ALJ") William J. Musseman on May 16, 2005. *Id.* at 20.  Claimant was not represented at hearing. Rec. 232.  On June 29, 2005, the ALJ denied claimant's claim for benefits under the Social Security Act.  *Id.* at 11-19.

The ALJ found at step one of the five step sequential evaluation required by law (*see e.g.* 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988)) that Rowlison may not have engaged in substantial gainful activity.  Tr. at 18. At step two, the ALJ found Rowlison has severe impairments of heel fractures and spasmodic dysphonia/dystonia.  *Id.* at 15. At step three, the ALJ found that these impairments did not meet or equal any impairment found in the Listing of Impairments, Appendix 1, Subpart P, Regulations No. 4 *Id.* at 18.

At step four, the ALJ found claimant had the residual functional capacity to perform the full range of sedentary work.  Tr. 17.  The ALJ further found that claimant could not perform her past relevant work based on this RFC. *Id.* at 17 and 19. In determining claimant's residual functional capacity, the ALJ found that Rowlison's complaints are not fully persuasive and were given little weight. *Id.* at 17. The ALJ also did not consider the opinion of claimant's treating physician, George Maxted, M.D., in determining Rowlison's residual functional capacity. *Id.* at 14-19.

At step five, the ALJ found that claimant's occupational base for a full range of sedentary work has not been substantially eroded by her functional limitations.  Tr. at 18.  Thus, Rule 201.28 of the Medical-Vocational Guidelines of Appendix 2, Subpart P, Regulations No. 4 directs a conclusion that claimant is not disabled.  *Id.*

Standard of Review

A court's review of a finding that a plaintiff is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether

the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan,* 912 F.2d 1194, 1196 (10th Cir. 1990). It requires more than a scintilla of evidence but less than a preponderance of the evidence. *Gossett v. Bowen,* 862 F.2d 802, 804 (10th Cir. 1988). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993). Although the Court should carefully examine the record, it may not weigh evidence or substitute its discretion for that of the Commissioner. *Id.*

## Discussion

1. <u>Whether the ALJ Erred in Assessing the Opinion of Rowlison's Treating Physician.</u>

Rowlison argues that the ALJ erred by failing to consider the opinion of her treating physician, George Maxted , M.D., at Rec. 202. Doc. #12, p.20.

Claimant's treating physician, George Maxted, M.D., stated:

> Due to this patient's disability from Neuritic pain, Dystonia, Degenerative Joint Disease, and Encephalomalacia, causing chronic pain over much of her body. It is recommended that this patient be placed on Social Security Disability or SSI.

3

Rec. 212.

The Administrative Law Judge fails to discuss this opinion of claimant's treating physician in any fashion in his Notice of Decision-Unfavorable. Rec. 11-19.

The ALJ is required to evaluate every medical opinion he receives. 20 C.F.R. §§ 404.1527(d) and 416.927(d). In determining the weight to be given a medical opinion, the ALJ must consider the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the degree to which the physician's opinion is supported by relevant evidence; consistency between the opinion and the record as a whole; and whether or not the physician is a specialist. 20 C.F.R. § 416.927(d)(2)(6). *Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995). A treating source's medical opinion must be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2); SSR 96-2p.

Before an ALJ can reject the opinion of a treating physician completely, he must give specific, legitimate reasons for doing so. SSR 96-2p; *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003). "[I]n choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation, or lay opinion." *Langley v. Barnhart*, 373

4

F.3d 1116, 1121 (10th Cir. 2004) (citation omitted).

The ALJ completely failed to consider or discuss Dr. Maxted's opinions, in violation of 20 C.F.R. § 404.1527(d) (The ALJ is required to evaluate every medical opinion he receives). There is no indication that the ALJ weighed the factors contained in 20 C.F.R. § 404.1547(d)(1)-(6). The ALJ did not provide any discussion or analysis of Dr. Maxted's opinion. Thus, it cannot be determined if the appropriate legal standards concerning a treating physician were applied. The ALJ is required to assess Dr. Maxted's opinion in accordance with the appropriate regulations and case law.

    2. <u>Whether the ALJ Failed in His Duty to Develop the Record</u>

Rowlison further argues that the ALJ failed in his duty to develop the record by failing to obtain additional medical records regarding the impairments identified by Dr. Maxted in his letter of May 6, 2005 (Rec. 212), which was provided to the ALJ at hearing. Rec. 212 and 233. Doc. #12, p. 21. Other than Dr. Maxted's letter, no medical records from the twelve months preceding the hearing were in evidence.

Generally, the burden to prove disability in a social security case is on the claimant, *Bowen v. Yuckert,* 482 U.S. 137, 146, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), but a social security disability hearing is nonadversarial, and thus the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised" in that hearing. *Henrie v. United States Dep't of Health & Human Servs.,* 13 F.3d 359, 360-61 (10th Cir. 1993). When he considers an issue, an ALJ "has the duty to develop the record by obtaining pertinent, available

medical records which come to his attention during the course of the hearing." *Carter v. Chater,* 73 F.3d 1019, 1022 (10th Cir. 1996).

The ALJ failed to develop the Record with respect to the additional impairments identified by Dr. Maxted by failing to obtain additional treatment records from Dr. Maxted, or further clarification of these impairments from Dr. Maxted.

Accordingly, it is

ORDERED that the case is REVERSED AND REMANDED to the Commissioner pursuant to 42 U.S.C. § 405(g) for further proceedings consistent with this Order.

DATED at Denver, Colorado, on February 5, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge